1

2

3

4

5

6          **IN THE UNITED STATES DISTRICT COURT**

7          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9   CINDY JOHNSON,                          CASE NO. CV F 05-1596 LJO

10                 Plaintiff,          _____  **DECISION ON GOVERNMENT'S**
                                                **ALTERNATIVE MOTIONS TO DISMISS AND**
11          vs.                                 **FOR SUMMARY JUDGMENT**
                                                (Doc. 16.)
12   UNITED STATES OF AMERICA,

13                 Defendant.
     _____/

14

15                          **INTRODUCTION**[1]

16          In this post office slip and fall action, defendant United States of America ("Government") seeks

17   F.R.Civ.P. 12(b)(6) dismissal of, or alternatively summary judgment on, plaintiff Cindy S. Johnson's

18   ("Ms. Johnson's") claims on grounds that Ms. Johnson failed to timely file this action after

19   administrative claim denial. Ms. Johnson filed no timely papers to oppose the Government's alternative

20   motions to dismiss or for summary judgment. This Court deemed the Government's alternative motions

21   submitted on the pending record and vacates the December 15, 2006 hearing, pursuant to this Court's

22   Local Rule 78-230(c), (h).[2] For the reasons discussed below, this Court GRANTS the Government

23   summary judgment on grounds that Ms. Johnson failed to timely file this action within six months of

24   _____

25          [1]     Pursuant to 28 U.S.C. § 636(c) and F.R.Civ.P. 73, the parties consented to proceed before a United States
     Magistrate Judge, and by an April 27, 2006 order, this action was assigned to United States Magistrate Judge Lawrence J.
26   O'Neill for all further proceedings.

27          [2]     In the absence of Ms. Johnson's opposition, this Court carefully reviewed and considered the entire record
     to determine whether the Government's alternative motions to dismiss and for summary judgment were well supported.
28   Omission of reference to an argument, document, or paper is not to be construed to the effect that this Court did not consider
     the argument, document or paper.

                                          1

1   denial of her administrative claim.

2   **BACKGROUND**

3   **Denial Letter**

4       Ms. Johnson claims that on December 21, 2001, she fell and was injured at the Coalinga post

5   office.  On December 4, 2002, the United States Postal Service ("USPS") received an administrative

6   claim filed by Ms. Johnson's attorney Ralph C. Smith ("Mr. Smith").  USPS sent Mr. Smith by certified

7   mail its March 31, 2004 letter ("claim denial") to deny Ms. Johnson's claim.  The claim denial stated

8   in pertinent part:

9           As to the incident at issue, an investigation of this matter failed to establish a negligent
10          act or omission on the part of the U.S. Postal Service or its employees.  While we regret
            any injury that may have occurred, we cannot accept legal liability for these alleged
            damages.  Accordingly, the claim is denied.

11

12          In accordance with 28 U.S.C. § 2401(b) and 39 C.F.R. 912.9(a), if dissatisfied with the
            Postal Service's final denial of an administrative claim, a claimant may file suit in a
13          United States District Court no later than six (6) months after the date the Postal Service
            *mails* the notice of that final action.  Accordingly, any suit filed in regards to this denial
14          must be filed no later than six (6) months from the date of the mailing of this letter,
            which is the date shown above.  (Italics in original.)

15

16  The certified mail receipt for the claim denial indicates that Mr. Smith's office received it on April 5,

17  2004.

18  **Ms. Johnson's Complaint**

19      On December 16, 2005, Ms. Johnson filed her complaint to initiate this slip and fall action

20  against the Government under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680.

21  The complaint states:

22          More than six months before this action was instituted, the claim set forth herein was
            presented to the United States Postal Service.  Said agency having failed to make a final
23          disposition of the claim within that time, plaintiff deems such failure to be a denial
            thereof.

24

25  The complaint appears to allege claims of failure to warn of a slippery floor and negligence to create a

26  dangerous condition.  The complaint alleges that Ms. Johnson suffered physical and emotional injuries.

27  / / /

28  / / /

## DISCUSSION

### Motion To Dismiss And Summary Judgment Standards

### For Limitations Defense

A limitations defense may be raised by a F.R.Civ.P. 12(b)(6) motion to dismiss or by summary judgment motion. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *see Avco Corp. v. Precision Air Parts, Inc.*, 676 F.2d 494, 495 (11th Cir. 1982), *cert. denied*, 459 U.S. 1037, 103 S.Ct. 450 (1982). A F.R.Civ.P. 12(b)(6) motion to dismiss may raise the limitations defense when the statute's running is apparent on the complaint's face. *Jablon*, 614 F.2d at 682. If the limitations defense does not appear on the complaint's face and the trial court accepts matters outside the pleadings's scope, the defense may be raised by a motion to dismiss accompanied by affidavits. *Jablon*, 614 F.2d at 682; *Rauch v. Day and Night Mfg. Corp.*, 576 F.2d 697 (6th Cir. 1978). If the limitations defense is not apparent on the complaint's face and the motion to dismiss is not accompanied by acceptable affidavits, an appropriate summary judgment motion may be employed. *Jablon*, 614 F.2d at 682.

A F.R.Civ.P. 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his/her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957). A motion to dismiss based on a limitations defense may be granted only if the complaint's assertions, read with required liberality, would not permit the plaintiff to prove that the statute was tolled. *Jablon*, 614 F.2d at 682.

F.R.Civ.P. 56(b) permits a party against whom a claim is asserted to seek "summary judgment in the party's favor upon all or any part thereof." Summary judgment is appropriate when there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. F.R.Civ.P. 56(e); *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The purpose of summary judgment is to "pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec.,* 475 U.S. at 586, n. 11, 106 S.Ct. 1348; *International Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1405 (9th Cir. 1985).

F.R.Civ.P. 56(e) requires a party opposing summary judgment to "set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if

1   appropriate, shall be entered against the adverse party." "In the absence of specific facts, as opposed to

2   allegations, showing the existence of a genuine issue for trial, a properly supported summary judgment

3   motion will be granted." *Nilsson, Robbins, et al. v. Louisiana Hydrolec*, 854 F.2d 1538, 1545 (9th Cir.

4   1988). When a summary judgment motion is unopposed, a court must "determine whether summary

5   judgment is appropriate – that is, whether the moving party has shown itself to be entitled to judgment

6   as a matter of law." *Anchorage Associates v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175 (3rd Cir. 1990).

7   A court "cannot base the entry of summary judgment on the mere fact that the motion is unopposed, but,

8   rather must consider the merits of the motion." *United States v. One Piece of Real Property, etc.*, 363

9   F.3d 1099, 1101 (11th Cir. 2004). A court "need not sua sponte review all of the evidentiary materials

10  on file at the time the motion is granted, but must ensure that the motion itself is supported by

11  evidentiary materials." *One Piece of Real Property*, 363 F.3d at 1101.

12      As discussed below, the Government's summary judgment motion is well supported, and the

13  Government has met its summary judgment burden to demonstrate that the FTCA limitations period bars

14  Ms. Johnson's action in that she failed to file this action within six months of March 31, 2004 claim

15  denial.

16                                  **FTCA Limitations Period**

17      An action can be brought against the Government only to the extent that it waives its sovereign

18  immunity. *Blackburn v. United States*, 100 F.3d 1426, 1429 (9th Cir. 1996); *Valdez v. United States*, 56

19  F.3d 1177, 1179 (9th Cir. 1995). The FTCA waives the Government's sovereign immunity to a suit for

20  personal injuries caused by an "employee of the Government while acting within the scope of his office

21  or employment, under circumstances where the United States, if a private person, would be liable to the

22  claimant in accordance with the law of place where the act or omission occurred." 28 U.S.C. §

23  1346(b)(1); *Washington v. United States*, 868 F.2d 332, 333 (9th Cir.), *cert. denied*, 493 U.S. 992, 110

24  S.Ct. 539 (1989); *see* 28 U.S.C. § 2674.

25      28 U.S.C. § 2401(b) ("section 2401(b)") sets forth the limitation period to commence an FTCA

26  action:

27          A tort claim against the United States shall be forever barred unless it is presented
            in writing to the appropriate Federal agency within two years after such claim accrues or
28          unless action is begun within six months after the date of mailing, by certified or

                                            4

registered mail, of notice of final denial of the claim by the agency to which it was presented.

Regarding section 2401(b), the United States Supreme Court has explained:

> Section 2401(b) . . . is the balance struck by Congress in the context of tort claims against the Government; and we are not free to construe it so as to defeat its obvious purpose, which is to encourage the prompt presentation of claims. . . . We should regard the plea of limitations as a "meritorious defense, in itself serving the public interest." . . .

> We should also have in mind that the [FTCA] waives the immunity of the United States and that in construing the statute of limitations, which is a condition of that waiver, we should not take it upon ourselves to extend the waiver beyond that which Congress intended. . . .

*United States v. Kubrick*, 444 U.S. 111, 1117-1118, 100 S.Ct. 352, 357 (1979) (citations omitted.)

The Government notes that section 2401(b) establishes two limitations periods in that a claimant is required to file: (1) an administrative claim with the proper federal agency within two years after a claim accrues; and (2) a district court action within six months after the agency's final denial of the administrative claim.  The Ninth Circuit Court of Appeals so construes section 2401(b):

> Section 2401(b) establishes two jurisdictional hurdles, both of which must be met.  *See Claremont Aircraft, Inc. v. United States*, 420 F.2d 896 (9ᵗʰ Cir. 1969); *Schuler v. United States*, 628 F.2d 1999 (D.C. Cir. 1980) (en banc) (per curiam).  A claim must be filed with the agency within two years of the claim's accrual, and the claimant must file suit within six months of administrative denial of the claim.  If either requirement is not met, suit will be time barred.

*Dyniewicz v. United States*, 742 F.2d 484, 485 (9ᵗʰ Cir. 1984).

Section 2401(b) requirements are "jurisdictional," and the "government may not be equitably barred from asserting jurisdictional requirements."  *Burns v. United States*, 764 F.2d 722, 724 (9ᵗʰ Cir. 1985).

The Government contends that Ms. Johnson failed to meet section 2401(b)'s second timing requirement to file this action within six months of USPS' March 31, 2004 claim denial.  The Government points out that Ms. Johnson filed this action on December 16, 2005, nearly 21 months after USPS' claim denial.

The Government is correct.  Although the face of Ms. Johnson's complaint reveals that she filed this action well beyond section 2401(b) six-month limitations period, the complaint appears to allege

1    that USPS did not "make a final disposition of the claim" within six months of Ms. Johnson's

2    presentation of her claim to USPS.  The undisputed facts reveal that USPS received Ms. Johnson's

3    administrative claim on December 4, 2002 and denied it with its March 31, 2004 claim denial.  Ms.

4    Johnson inexplicably delayed to December 16, 2005 to file this action to render it untimely and subject

5    to summary judgment despite her apparent unsupported allegation that USPS had not acted on her

6    administrative claim.[3]

### Notice Of Final Claim Denial

8           The Government argues that USPS' March 31, 2004 claim denial complied with 28 C.F.R. § 14.9

9    ("section 14.9") which requires that final denial of an FTCA administrative claim: (1) be in writing; (2)

10   be sent to the claimant, his/her attorney or legal representative by certified or registered mail; (3) include

11   a statement of reasons for denial; and (4) include a statement that if the claimant is dissatisfied the

12   agency's action, he/she may file a federal court suit no later than six months after the date of the

13   notification's mailing.  Here, the written claim denial was sent by certified mail to Mr. Smith, and stated

14   that USPS investigation "failed to establish a negligent act or omission" by USPS or its employees and

15   that if dissatisfied, "a claimant may file suit in a United States District Court no later than six (6) months

16   after the date the Postal Service *mails* the notice of that final action."  (Italics in original.)  The claim

17   denial satisfied section 14.9.  *See Hatchell v. United States*, 776 F.2d 244, 246 (9th Cir. 1985) (denial

18   letter which stated claim was denied, reasons for denial and that suit must be brought within six months

19   satisfied section 14.9, and absence of the word "final" is irrelevant.)

20          Lastly, the Government contends that USPS engaged in no conduct to lead Ms. Johnson or Mr.

21   Smith to believe that USPS continued to consider Ms. Johnson's claim.  The Ninth Circuit has held that

22   "when an agency denies a claim under the Federal Tort Claims Act in accordance with the procedure

23   required by applicable regulations, such a decision constitutes a final decision for purposes of 28 U.S.C.

24   § 2401(b) unless either (a) [t]he claimant files with the agency a [t]imely amended claim pursuant to 28

25   C.F.R. § 14.2(b), or (b) [t]he agency leads the claimant reasonably to believe that it is still actively

26

27          [3]        This Court finds summary judgment is the proper procedure to determine the limitations issue in light of
28   the complaint's apparent allegation that USPS did not dispose finally of Ms. Johnson's claim and this Court's consideration
     of matters outside the pleadings' scope, for instance, the USPS claim denial.

considering the original claim." *Woirhaye v. United States*, 609 F.2d 1303, 1305 (9th Cir. 1979).  Here, there is no evidence that Ms. Johnson pursued an amended claim or that USPS lead Ms. Johnson and/or Mr. Smith to reasonably believe that it actively considered Ms. Johnson's claim after the March 31, 2004 claim denial.  USPS properly notified Ms. Johnson that it denied her claim.

## <u>CONCLUSION AND ORDER</u>

For the reasons discussed above, this Court:

1.    GRANTS the Government summary judgment on grounds that Ms. Johnson failed to timely file this action within six months of denial of her administrative claim;

2.    DIRECTS this Court's clerk to enter judgment in favor of defendant United States of America and against plaintiff Cindy Johnson and to close this action; and

3.    VACATES all pending dates, including the June 4, 2007 pretrial conference and June 25, 2007 trial.

IT IS SO ORDERED.

**Dated:    December 5, 2006**                            **/s/ Lawrence J. O'Neill**
66h44d                                                              UNITED STATES MAGISTRATE JUDGE